## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MED JAMES, INC.,

      Plaintiff/Counterclaim Defendant,

v.                                        Case No. 05-2209-KHV-GLR

INSURANCE MARKETING
SOLUTIONS, INC., INSURANCE
MARKETING SOLUTIONS, LLC,
and DAVID RONNING,

      Defendants/Counterclaim plaintiff.

## STIPULATED CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

Pursuant to the parties' agreement, the Court enters the following protective order:

The Court finds that discovery sought by the parties in the above-styled case involves production of personnel files, non-public information about the parties' revenues, costs, income, profits, underwriting analysis, business strategies and practices, hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

### Designation of Confidential Information

1.    *Designation of Material.* Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected

document when it is produced shall constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

2. *Subsequent Designation.* Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3. *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

4. *Modification of Designation.* The presumed designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a) The producing party may agree in writing to downgrade or eliminate the Confidential

designation concerning any material it produced.

(b) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate any material's designation as confidential. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

### Access To Confidential Information

5. *General Access.* Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a) To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit A hereto.

(b) To the parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel and signed a letter in the form of Exhibit A.

(c) To court reporters transcribing a deposition, hearing, or other proceeding in this matter who sign Exhibit A attached hereto (excluding court-appointed court reporters).

(d) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

6. *No Copies/Notes.* Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

7. *Disputes over Access.* If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## Use Of Confidential Information

8. *Use in this Litigation Only.* Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

9. *Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

10. *Use at Court Hearings and Trial.* Subject to the federal rules of evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court

and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

11. *Motion for Filing under Seal.* Unless the party designating the material as Confidential specifically has previously consented in writing, in the event any party wishes to file with the Court any Confidential Information or material that has been so designated by the other party, the party seeking to file Confidential Information must first file a motion with the Court seeking leave to file the particular document under seal.

12. *Reasonable Precautions.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

13. *Return After Litigation.* Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information.

## Other Provisions

14. *Not an Admission.* Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

15. *Miscellaneous.* This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court

order in this litigation. This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

The parties having stipulated and agreed hereto, it is SO ORDERED, this 6th day of December, 2005.

                                          s/ Gerald L. Rushfelt
                                          Gerald L. Rushfelt
                                          UNITED STATES MAGISTRATE JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MED JAMES, INC.,

      Plaintiff/Counterclaim Defendant,

v.                                            Case No. 05-2209 KHV

INSURANCE MARKETING
SOLUTIONS, INC., INSURANCE
MARKETING SOLUTIONS, LLC,
and DAVID RONNING,

      Defendants/Counterclaim plaintiff.

### EXHIBIT A TO THE STIPULATED PROTECTIVE ORDER

STATE OF _____    )
                           ) ss
COUNTY OF _____    )

      The undersigned, _____, being of lawful age and first duly sworn, upon oath deposes and says:

      1.    I acknowledge that I have been requested to inspect certain documents or information that are "Confidential" within the terms of the Protective Order issued by the Court in this action.

      2.    I have read the Court's Protective Order and understand the terms therein.

      3.    I hereby agree to be bound by the Court's Protective Order and by any other such orders that the Court may enter regarding discovery of confidential documents or information.

      4.    I hereby agree that, except as allowed by the Protective Order, I will not make copies of any confidential documents or information given to me, I will not communicate the contents of any confidential documents or information to any other person, and I will hold such confidential documents and

information in confidence pursuant to the terms of the aforesaid Protective Order.

5. I hereby agree that at the completion of my function in connection with the above entitled action, all confidential documents or information received by me will be returned to the person from whom I received them.

6. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Kansas for the enforcement of the undertaking I have made herein, and I appoint counsel for the parties seeking my assistance as my agent to receive service of process in that connection. I understand that a violation of the Court's Protective Order may result in civil or criminal contempt penalties.

FURTHER AFFIANT SAITH NAUGHT.


STATE OF                      )
                              ) ss:
COUNTY OF                     )

The foregoing affidavit was subscribed before me this     day of                  , 200__.


NOTARY PUBLIC

My Commission Expires:

FOULSTON SIEFKIN LLP

By: /s/ Samuel P. Logan
James D. Oliver, Ks. No. 8604
Samuel P. Logan, Ks. No. 14832
40 Corporate Woods, Suite 1050
9401 Indian Creek Parkway
Overland Park, KS 66210-2019
(913) 498-2100
(913) 498-2101 fax
**Attorneys for Plaintiff and Counterclaim Defendant Med James, Inc.**

BATY, HOLM & NUMRICH, P.C.

By: /s/ David W. Hauber
David W. Hauber, Ks No.11798
4600 Madison, Suite 210
Kansa City, MO  64112-3012
(816) 531-7200
(816) 531-7201 fax
**Attorneys for Defendants and Counterclaimants**
**Insurance Marketing Solutions, Inc.,**
**Insurance Marketing Solutions LLC, and**
**David B. Ronning**